**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>TAYLOR J. PEDIGO,<br><br>          Defendant. | Case No. 18-3033-06-S-MDH |

**MOTION OF THE UNITED STATES FOR PRETRIAL
DETENTION HEARING PURSUANT TO TITLE 18,
UNITED STATES CODE, SECTION 3142(f)**

**COMES NOW** the United States of America, by the United States Attorney for the Western District of Missouri, and does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offense of conspiracy to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section and 841(a)(1) and (b)(1)(B); and

2. The defendant poses a risk to the safety of others in the community.

**SUPPORTING SUGGESTIONS**

Subsection 3142(f), of Title 18, United States Code provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the government moves for such a hearing and if the case involves an offense under the Controlled Substances Act (21 U.S.C. § 801, et seq.) for which imprisonment

for 10 years or more is possible. In this case, the defendant is charged with conspiracy to distribute 100 grams or more a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section and 841(a)(1) and (b)(1)(B), a crime for which a term of not more than 40 years in prison is possible. Accordingly, the Government suggests that upon a showing that there exists probable cause that the defendant committed the offense referred to in the criminal complaint, there is a legal presumption, subject to rebuttal by the defendant, that no condition or combination of conditions will reasonably assure his appearance or assure the safety of the community. *See United States v. Apker*, 964 F.2d 742, 743-44 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069-70 (8th Cir. 1988).

Section 3142(e) and (f)(1) provides a presumption that a defendant will not appear for subsequent court appearances that arise if the offense is one enumerated under the Controlled Substance Act as referred to above. Under the Bail Reform Act there is also a presumption that the likelihood of flight increases with the severity of the charges, the strength of the government's case, and the penalty which conviction could bring. *See Apker*, 964 F.2d at 744.

As a further reason for detention, the Government argues that the defendant poses a serious danger to the community, in that during the course of this investigation he twice sold suspected heroin to a confidential source. In the first buy, he sold approximately two grams of heroin and in the second, he sold approximately .9 grams of heroin. In February 2018, the defendant admitted he had purchased more than 100 grams of heroin from co-defendant Dewaun White.

In early June of 2018, a Springfield, Missouri, Police Department (SPD) officer responded to a reported heroin overdose. The person who had overdosed declined to state from whom he had obtained the heroin, but the person's brother said that his brother's source was the defendant. The SPD officer reviewed the original call to police about the overdose and the telephone number from

2

which the call was made.  The number from which the calls was made was a telephone number that SPD had in its reporting system for the defendant.  On June 23, 2018, SPD responded to a call of an overdose, where the defendant was removed from the driver seat of a vehicle, while unconscious.  He regained consciousness, admitted he had taken heroin, and was transported to the hospital.  On July 7, 2018, SPD again responded to a report of an overdose where the defendant was unconscious in the driver's seat of a still-running vehicle.  The officer searched the vehicle and found suspected heroin, a spoon, and a syringe.  The defendant was released to a family member who came and picked him up.

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

    Respectfully submitted,

    TIMOTHY A. GARRISON
    United States Attorney

By    */s/ Josephine L. Stockard*
    Josephine L. Stockard, MO Bar #63956
    Special Assistant United States Attorney
    901 St. Louis Street, Suite 500
    Springfield, Missouri 65806-2511

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was delivered on August 20, 2018, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

    */s/ Josephine L. Stockard*
    Josephine L. Stockard
    Special Assistant United States Attorney